UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

------------------------------------------------------------------------X

DH-DHEKELIA SHIP MANAGEMENT LIMITED,

                         Plaintiff,

-vs-

BLUESTONE COAL SALES CORPORATION and
BLUESTONE RESOURCES, INC.

                         Defendants

------------------------------------------------------------------------X

Case No.

**VERIFIED COMPLAINT**

Plaintiff, DH-DHEKELIA SHIP MANAGEMENT LIMITED (hereinafter "DH-Dhekelia" or "Plaintiff"), by and through undersigned counsel, files this Verified Complaint against Defendants BLUESTONE COAL SALES CORPORATION (hereinafter "Bluestone") and BLUESTONE RESOURCES, INC. (hereinafter "BRI") (collectively referred to as "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendants is located in the Middle District of North Carolina.

1

## THE PARTIES

3. At all times material hereto, Plaintiff, was and still is a foreign company organized under the laws of Cyprus.

4. Upon information and belief, at all times material hereto, Defendant Bluestone Coal Sales Corporation, was and still is a foreign company organized under the laws of Virginia.

5. Upon information and belief, at all times material hereto, Defendant Bluestone Resources Inc., was and still is a foreign company organized under the laws of Virginia.

## THE FACTS

6. At all times material hereto, DH-Dhekelia was the disponent owner of the M/V ELENA VE (hereinafter the "Vessel").

7. On or about November 4, 2020, Plaintiff entered into a charter party agreement to charter the Vessel to Bluestone for the carriage of cargo consisting of 70,000 MT 10% MOLOO coal to be loaded. *A copy of the fixture recap and charter party is attached hereto as Exhibit 1*.

8. The charter party agreement for the transport of cargo is a maritime contract.

9. Pursuant to Clause 43, the charter party agreement is governed by English law, and any dispute arising under the agreement shall be referred to arbitration in London. *Id*.

10. DH-Dhekelia and Bluestone agreed that demurrage would be calculated at the maximum rate of USD 16,000 (per day pro rata). *Id*.

11. Pursuant to the terms of the charter party agreement, cargo shall be loaded at the expense of Bluestone "per weather working day of 24 consecutive hour, Saturday, Sundays and Holidays included." *Id*. In addition, cargo shall be discharged at the expense of Bluestone "per weather working day of 24 consecutive hour, Sundays and holidays included." *Id*.

12. On January 3, 2021, the Vessel arrived at Newport News, Virginia and tendered notice of readiness at the port on at 20:35 LT. The time for laytime and demurrage calculations would have begun to run at that time.

13. Upon the Vessel's arrival, Defendants were not ready to load cargo.

14. The time allowed for loading and discharging under the charter party agreement would have been 2.4 days had the cargo been loaded. The Vessel accrued a total of 38.64 days waiting to load the cargo. *A copy of the time sheet for the Vessel is attached hereto as Exhibit 2.*

15. Accordingly, costs have been incurred in the form of hire and bunkers consumed which Plaintiff claims as damages in the alternative to demurrage accrued for the time waiting to load in the amount of USD 693,201.60. On or about February 11, 2021, Plaintiff submitted the invoice to Bluestone for amounts due and owing for demurrage. *A copy of the invoice is attached hereto as Exhibit 3.*

16. Plaintiff incurred additional port and operating costs while the Vessel was awaiting cargo from the Defendants and was required to pay its local agents an estimated amount of USD 100,563.17; remit payment for an underwater inspection and cleaning totaling USD 8,000; incurred costs totaling USD 302,000 for ballasting the Vessel (without cargo thus without income) from the point of delivery to the port of loading only to load this cargo; and damages incurred and estimated at USD 500,000 from the Head Owners due to the Plaintiff's possible early redelivery of the Vessel and redelivery outside the agreed redelivery area.

17. Defendant BRI, on behalf of Defendant Bluestone, made partial payment from their BB&T Bank account totaling USD 199,980. All payments made related to the charter party were remitted by Defendant BRI on behalf of Defendant Bluestone.

3

18.     Despite numerous requests for payment of the remaining costs and the clear obligation to remit costs for damages/demurrage, agent fees, underwater cleaning, ballasting the Vessel from the point of delivery to the port of loading, and the redelivery claim from the Head Owners, the remaining costs in the amount of USD 1,403,784.77 remain unpaid by Defendants.

19.     Defendants have failed, neglected, and/or refused to submit payment for damages/demurrage, agent fees, underwater cleaning, ballasting costs and redelivery costs due and owing under the charter party agreement.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

20.     Plaintiff restates and re-alleges paragraphs 1 – 19 in the above foregoing Verified Complaint.

21.     Plaintiff's claim against Defendants for unpaid damages/demurrage, agent fees, cleaning costs, ballasting costs, and redelivery fees is a maritime claim.  This is an ancillary proceeding to secure jurisdiction and security over Defendants.

22.     Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration.  It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

23.     Plaintiff expects to recover the following amounts in arbitration from Defendant:

| | | |
|---|---|---|
| A. | Damages/Demurrage, Agent Fees, Cleaning Costs Ballasting Costs and redelivery fees: | $1,403,784.77 |
| B. | Estimated Interest for Principal Claim: *(2 years at 5.0 %, compounded quarterly)* | $ 146,676.00 |
| C. | Estimated Arbitration Cost[1]: | $ 85,000.00 |
| D. | Estimated English Solicitor and Counsel Fees: | $ 100,000.00 |
| | TOTAL: | $1,735,460.77 |

---

[1] The estimates are based on the anticipated costs and fees for this straightforward matter for this indisputable debt. Plaintiff reserves the right to seek additional security if necessary pursuant to, *inter alia*, Supplemental Rule B and Rule E.

24. Plaintiff's total claim for damages/demurrage, agent fees, cleaning costs, ballasting costs, and redelivery costs plus applicable interest, costs, and fees in the aggregate estimated to be no less than $ 1,735,460.77.

25. Defendants are not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Patrick M. Brogan attached hereto as Exhibit 4.*

26. Upon information and belief, the Defendants do have within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment. Defendants have assets in the form of property in a bank account maintained at BB&T Bank. *A copy of a SWIFT message containing Defendants' bank account information is attached as Exhibit 5.*

27. BB&T Bank is a corporation found within the District with an address at 7701 Airport Center Drive, Suite 2700, Greensboro NC 27409 and subject to service of process as a garnishee in this matter.[2]

28. Prior payments by Bluestone to Plaintiff have been remitted by BRI from its BB&T Bank U.S. dollar bank account located within the District. *Id.*

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendants and said Defendants be cited to appear and answer the allegations of this Verified Complaint;

---

[2] Due to the recent stay-at-home order, this branch location may be temporarily close, operating with limited hours, or may limit the public access. Accordingly, service of process on garnishee may be attempted at any BB&T branch that is open and will accept service of process.

B.	That if Defendants cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendants have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.	That if Defendants fail to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $1,735,460.77 and the proceeds of the assets attached be applied in satisfaction thereof;

D.	That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: February 18, 2021                     Respectfully submitted,

 /s/ *Patrick M. Brogan*
Patrick M. Brogan (NCSB No. 24067)
DAVEY & BROGAN, P.C.
101 Granby Street, Suite 300
Norfolk, Virginia 23510
Tel: 757.622.0100; Fax: 757.622.4924
pbrogan@daveybroganpc.com
*Counsel for DH-Dhekelia Ship Management Ltd.*